JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| David Lewis | AT&T Services, Inc. |

**(b)** County of Residence of First Listed Plaintiff  Northampton County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Dallas, TX
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Daniel S. Orlow, Esq., Console Mattiacci Law,
1525 Locust Street, 9th Fl., Philadelphia, PA 19102, 215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury<br>[ ] 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>[ ] 365 Personal Injury - Product Liability<br>[ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 835 Patent - Abbreviated New Drug Application<br>[ ] 840 Trademark<br>[ ] 880 Defend Trade Secrets Act of 2016 | [ ] 375 False Claims Act<br>[ ] 376 Qui Tam (31 USC 3729(a))<br>[ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit (15 USC 1681 or 1692)<br>[ ] 485 Telephone Consumer Protection Act<br>[ ] 490 Cable/Sat TV<br>[ ] 850 Securities/Commodities/ Exchange<br>[ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | [ ] 440 Other Civil Rights<br>[ ] 441 Voting<br>[x] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 445 Amer. w/Disabilities - Employment<br>[ ] 446 Amer. w/Disabilities - Other<br>[ ] 448 Education | **Habeas Corpus:**<br>[ ] 463 Alien Detainee<br>[ ] 510 Motions to Vacate Sentence<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>**Other:**<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition<br>[ ] 560 Civil Detainee - Conditions of Confinement | [ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Management Relations<br>[ ] 740 Railway Labor Act<br>[ ] 751 Family and Medical Leave Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Employee Retirement Income Security Act | [ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609 | [ ] 893 Environmental Matters<br>[ ] 895 Freedom of Information Act<br>[ ] 896 Arbitration<br>[ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>[ ] 950 Constitutionality of State Statutes |
| | | | **IMMIGRATION**<br>[ ] 462 Naturalization Application<br>[ ] 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §621, et seq.; 43 P.S. §951, et seq.

Brief description of cause:
Plaintiff was discriminated against because of his age and retaliated against for raising internal complaints of age discrimination.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:    [X] Yes    [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions:)*    JUDGE _____    DOCKET NUMBER _____

DATE
2/21/2024

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Bangor, PA _____

Address of Defendant: _____ 208 S. Akard Street; Dallas, TX, 75202 _____

Place of Accident, Incident or Transaction: _____ 208 S. Akard Street; Dallas, TX, 75202 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?     Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 02/21/2024 _____     _____     311702

*Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.  *Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* _____

**B.  *Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Daniel S. Orlow _____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: 02/21/2024 _____     _____     311702

*Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| David Lewis | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| AT&T Services, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                           ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           (X)

| | | |
|---|---|---|
| 2/21/2024 | | Plaintiff, David Lewis |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-405-2900 | orlow@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **David Lewis** | : | **CIVIL ACTION NO._____** |
| **Bangor, PA** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **AT&T Services, Inc.** | : | **JURY TRIAL DEMANDED** |
| **208 S. Akard Street** | : | |
| **Dallas, TX 75202** | : | |
| | : | |
| **Defendant** | : | |
| | : | |

## CIVIL ACTION COMPLAINT

### I.    INTRODUCTION

Plaintiff, David Lewis, brings this action against his former employer, AT&T Services, Inc., for discriminating against him because of his age and retaliating against him for raising an internal complaint of age discrimination.

Plaintiff worked for Defendant for twenty-eight (28) years across various sales roles.  In March 2022, following three (3) straight years of receiving the highest possible annual performance rating, Plaintiff was notified that he was being placed on "surplus" status and would be terminated if he did not find a new job within two (2) weeks.  Several substantially younger and lower-performing employees on Plaintiff's team were not placed on surplus nor were they threatened with termination.  Although Plaintiff found a new position, he was assigned less lucrative accounts and received lower commission payments than in his previous role.  When Plaintiff raised an internal complaint of age discrimination related to his surplus notification, Defendant conducted a sham investigation, and falsely claimed that Plaintiff had affirmatively

sought to leave his position in the first place.  Due to the age discrimination to which Plaintiff was subjected, Defendant's failure to remedy the same, and the significant impact on his financial compensation, Plaintiff resigned from his employment with Defendant in August 2022.

Defendant's discriminatory and retaliatory treatment of Plaintiff violated the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA") and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").  Plaintiff seeks all damages, including economic loss, compensatory damages, liquidated damages, attorneys' fees and costs, and all other relief this Court deems appropriate.

## II.   PARTIES

1.      Plaintiff, David Lewis, is an individual residing in Bangor, Pennsylvania and is a citizen of the Commonwealth of Pennsylvania.

2.      Defendant, AT&T Services, Inc., is a Delaware corporation with a principal place of business located at 208 South Akard Street, Dallas, Texas 75202.

3.      Defendant is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania.

4.      At all relevant times, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

5.      At all relevant times, Defendant acted as an employer of Plaintiff within the meaning of the statutes that form the basis of this matter.

6.      At all relevant times, Plaintiff was an employee of Defendant within the meaning of the statutes that form the basis of this matter.

## III.   JURISDICTION AND VENUE

7.      The causes of action that form the basis of this matter arise under the ADEA and the PHRA.

8.      The District Court has subject matter jurisdiction over Count I pursuant to 28 U.S.C. § 1331.

9.      The District Court has supplemental jurisdiction over Count II pursuant to 28 U.S.C. § 1367.

10.     The District Court has jurisdiction over all counts pursuant to 28 U.S.C. 1332(a), as there exists complete diversity of citizenship between the parties to this matter and the amount in controversy exceeds $75,000.

11.     Venue is proper in the District Court under 28 U.S.C. § 1391(b) because a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred within this District and Defendant "resides" within this District within the meaning of 28 U.S.C. § 1391(b)(1).

12.     On or about July 5, 2022 Plaintiff filed a Complaint of Discrimination with the Pennsylvania Human Relations Commission ("PHRC"), complaining of the acts of discrimination set forth herein.  Attached hereto, incorporated herein, and marked as "Exhibit 1" is a true and correct copy of Plaintiff's July 5, 2022 PHRC Complaint.

13.     More than one year has passed since the filing of Plaintiff's PHRC Complaint.

14.     Plaintiff's PHRC Complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC").

15.     On February 2, 2024, the EEOC issued to Plaintiff a Notice of Right to Sue. Attached hereto, incorporated herein and marked as "Exhibit 2" is a true and correct copy of that Notice.

16.     Plaintiff has fully complied with all administrative pre-requisites for the

commencement of this action.

IV.    **FACTUAL ALLEGATIONS**

17.    Plaintiff was born on February 3, 1962 and is currently sixty-two (62) years old.

18.    Plaintiff was hired by Defendant in 1994.

19.    Plaintiff held various sales roles over his twenty-eight (28) year career with Defendant.

20.    In or about the Fall of 2019, Plaintiff was promoted to Senior Application Sales Executive ("ASE") 4 Converged in Defendant's Applications Sales and Cybersecurity division.

21.    Plaintiff was responsible for supporting direct salespersons on Defendant's Finance Vertical Team, which is a defined group of AT&T customers from within the finance industry.

22.    As an ASE 4, Plaintiff was primarily responsible for serving as a subject matter expert on cybersecurity solutions offered by AT&T and increasing sales of AT&T's cybersecurity products, services, applications, and solutions.

23.    For 2019 and 2020, Plaintiff received "exemplary" performance ratings on his annual performance reviews.

24.    For 2021, Plaintiff recorded the highest sales attainment percentage out of the twenty-seven (27) employees on the Finance Vertical Team.

25.    On January 1, 2022, Plaintiff began reporting to Barbaros Selcuk, Senior Application Sales Director Converged.

26.    Selcuk reported to Thomas Aufiero (Assistant Vice President, Application Sales and Cybersecurity).

27.    Aufiero reported to Gregory Wieboldt (Senior Vice President, Application Sales and Cybersecurity).

28.     As of January 1, 2022, the following employees also reported to Selcuk:

    a.  Eric Butler (31), Lead Sales System Engineer 3, Cyber.[1]

    b.  David Dubois, ASE 4 Converged (35)

    c.  Michael Gawel, ASE 4 Converged 44)

    d.  Lisa Miller, ASE 3 Converged (45)

    e.  David Ellis, ASE 4 Converged (46)

    f.  Rebecca Harriman, ASE 3 Converged (50)

    g.  Stephen Foerstner, ASE 4 Converged (56)

    h.  Steve Foy, ASE 3 Converged (56)

    i.  Lenny Rozman, ASE 4 Converged (58)

    j.  David Sanford, ASE 3 Converged (62)

29.     In mid-January 2022, Selcuk removed certain of Plaintiff's high-performing accounts and assigned them to younger employees.

30.     On February 4, 2022, in a performance review from Michael Gethings, Senior Application Sales Director, Plaintiff received an "Exemplary" performance rating for the previous year.

31.     On February 10, 2022 Defendant hired Anthony Avila, Jr. (age 44 at the time) into an ASE 3 position.

32.     On March 15, 2022 Plaintiff was notified that he was being placed on "surplus" status.

33.     Plaintiff was the only employee reporting to Selcuk that was placed on surplus status on March 15, 2022.

---

[1] All ages referenced herein are approximations as of the time of the filing of Plaintiff's Pennsylvania Human Relations Commission Complaint.

34.     In connection with his "surplus" notification Plaintiff was informed that if he did not find another position at Defendant within the following two weeks, his employment would be terminated.

35.     At the time of his surplus notification, Plaintiff was at over one hundred percent (100%) sales attainment for 2022.

36.     On or about April 1, 2022, Plaintiff accepted a new position within the Application Sales and Cybersecurity division.

37.     Plaintiff retained his ASE 4 Converged title and started reporting to Christina Mendelsberg, Senior Application Sales Associate Director.

38.     Mendelsberg reported to Nicolas Simmons, Senior Assistant Vice President of Cybersecurity Sales.

39.     Simmons reported to Blake Haydon, VP of Technology Sales and Execution.

40.     In his new ASE 4 position, Plaintiff was assigned less lucrative accounts and received substantially lower commissions than in his previous ASE 4 position under Selcuk, effectively resulting in a demotion.

41.     On May 5, 2022, in a written complaint submitted to Human Resources, and in a subsequent email to Selcuk and Aufieri, Plaintiff complained of age discrimination in connection with being placed on surplus status.

42.     On May 27, 2022, during a purported investigation into his age discrimination complaint, Kim falsely stated to Plaintiff that he had affirmatively asked to leave his position under Selcuk.

43.     Defendant failed to remedy the age discrimination to which Plaintiff had been subjected, and in fact used a sham "investigation" as a means to cover up the same.

44.     On August 12 2022, due to the age discrimination to which Plaintiff had been subjected, Defendant's failure to meaningfully investigate or remedy the same, and the significant detrimental impact that it had on his financial compensation, Plaintiff resigned from his employment with Defendant.

45.     Plaintiff's age was a substantial, motivating, and/or determinative factor in Defendant's discriminatory and retaliatory treatment of him, including, without limitation, Defendant's re-assignment of his high-performing accounts to younger employees, his selection for surplus status, and Defendant's use of a sham investigation to cover up its discriminatory conduct.

46.     As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

## <u>COUNT I – ADEA</u>

47.     Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

48.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the ADEA.

49.     Defendant acted willfully and intentionally thereby warranting the imposition of liquidated damages.

50.     As a direct and proximate result of Defendant's violations of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

51.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary

damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

52.    No previous application has been made for the relief requested herein.

## COUNT II – PHRA

53.    Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

54.    By committing the foregoing acts of discrimination and retaliation Defendant has violated the PHRA.

55.    As a direct and proximate result of Defendant's violations of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

56.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

57.    No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's unlawful and discriminatory and retaliatory conduct, and specifically prays that this Court grant the following relief to Plaintiff by:

(a)    declaring the acts and practices complained of herein to be in violation of ADEA;

(b)    declaring the acts and practices complained of herein to be in violation of the PHRA;

(c)    enjoining and permanently restraining the violations alleged herein;

8

(d)     entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

(e)     awarding damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(f)     awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' unlawful conduct;

(g)     awarding liquidated damages to Plaintiff under the ADEA;

(h)     awarding Plaintiff such other damages and relief as is appropriate under the statutes that form the basis of this matter;

(i)     awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

(j)     granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC**

Dated: February 21, 2024          By:  _____
                                        Daniel S. Orlow, Esquire
                                        1525 Locust St., Ninth Floor
                                        Philadelphia, PA 19102
                                        Tel:  (215) 545-7676
                                        Fax:  (215) 405-2900
                                        Attorney for Plaintiff

9

# Exhibit "1"

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

Received

JUL 0 5 2022

PA Human Relations Commission
Philadelphia Regional Office

## COMPLAINT

COMPLAINANT:                              :
                                          :
**DAVID LEWIS**                           :        Docket No. 202200021
                                          :
v.                                        :
                                          :
RESPONDENTS:                              :
                                          :
**AT&T SERVICES, INC.**                   :
                                          :
and                                       :
                                          :
**AT&T, INC.**                            :
                                          :

1. The Complainant herein is:

   Name:              David Lewis

   Address:           ████████████████
                      Bangor, PA 18013

2. The Respondents herein are:

   Names:             AT&T Services, Inc.; AT&T, Inc.

   Address:           3758 Dryland Way
                      Easton, PA 18045

3. I, David Lewis, the Complainant herein, allege that I was subjected to unlawful

discrimination because of my age (60), as set forth below.

   ### Discrimination

   **A. I specifically allege:**

   [1]        I was hired by Respondents on or about July 26, 1994.

Page: 00 of 12    2022-07-05 15:17:02 EDT    12155652858    From: Nancy Glace

[2]        My birth date is February 3, 1962, and I am age sixty (60).

[3]        I have more than twenty-seven (27) years of service at Respondents.

[4]        I am a current employee of Respondents.

[5]        I consistently perform my job duties in a highly competent manner.

[6]        I hold the position of Senior Application Sales Executive 4 Converged.

[7]        I report to Christina Mendelsburg (40[1]), Senior Application Sales Associate Director Converged.  Mendelsburg reports to Nicholas Simmons (44), Senior Associate Vice President Application Sales Cybersecurity.  Simmons reports to Blake Haydon (49), Vice President, Technology Sales and Execution.

[8]        Before reporting to Mendelsburg, I reported to Barbaros Selcuk (47), Senior Application Sales Director Converged.  Selcuk reported to Thomas Aufiero, Senior Associate Vice President Application Sales Cybersecurity.

[9]        Before being demoted to report to Mendelsburg, I held a Senior Application Sales Executive 4 Converged position in which I made substantially more commissions.

[10]        On or about January 1, 2022, I began reporting to Selcuk.

[11]        Selcuk had no role in my being hired at Respondents.

[12]        I was the second oldest employee reporting to Selcuk.

[13]        In addition to me, the following employees reported to Selcuk.  I was qualified to perform most of these employees' positions.

    a.   Eric Butler (31), Lead, Sales System Engineer 3, Cyber;

    b.   David Dubois (35), Senior Application Sales Executive 4 Converged;

---

[1] All ages herein are approximations.

    c.  Anthony Avila, Jr. (43), Senior Application Sales Executive 3 Converged;

    d.  Michael Gawel (44), Senior Application Sales Executive 4 Converged;

    e.  Lisa Miller (45), Senior Application Sales Executive 3 Converged;

    f.  David Ellis (46), Senior Application Sales Executive 4 Converged;

    g.  Rebecca Harriman (50), Senior Application Sales Executive 3 Converged;

    h.  Joel Lewis (51), Senior Application Sales Executive 4 Converged;

    i.  Stephen Foerstner (56), Senior Application Sales Executive 4 Converged;

    j.  Steve Foy (56), Senior Application Sales Executive 3 Converged;

    k.  Lenny Rozman (58), Senior Application Sales Executive 4 Converged;

    l.  David Sanford (62), Senior Application Sales Executive 3 Converged;

[14]      Selcuk treated me in a hostile and dismissive manner, differently and worse than he treated younger employees.

[15]      Selcuk unjustly criticized my performance.

[16]      Selcuk ignored me.

[17]      In or about mid-January 2022, Selcuk removed certain of my high-performing accounts and assigned them to younger employees.

[18]      Selcuk assigned me lower performing accounts.

[19]     On February 4, 2022, in a performance review from Michael Gethings (53), Senior Application Sales Director, I received an Exemplary performance rating.

[20]     In February 2022, Respondents hired Avila (43), to report to Selcuk.

[21]     In February 2022, Respondents hired Lewis (51), to report to Selcuk.

[22]     On March 15, 2022, in a meeting with Selcuk and Ellis, Respondents notified me that I was being placed on surplus status and that, if I did not find another position at Respondents within the next two (2) weeks, my employment would be terminated. The stated reason was that Respondents needed to make a twenty percent (20%) reduction, and my name was on the list. I was not permitted to ask any questions.

[23]     Respondents did not provide any explanation as to why I was being placed on surplus status, with the requirement to find another position to remain employed with Respondents, while younger employees were not.

[24]     I was the only employee reporting to Selcuk who was notified of surplus status and told to find another position to remain employed with Respondents.

[25]     All the younger employees reporting to Selcuk were retained in their positions.

[26]     Respondents replaced me with Avila (43). I was more qualified to perform my position than the substantially younger employee, with less service time at Respondents, with whom I was replaced.

[27]     Respondents notified me that I was being placed on surplus status because of my age.

[28]     Respondents notified me that, if I did not find another job at Respondents within two (2) weeks, my employment would be terminated because of my age.

From: Nancy Glace

[29]    On March 16, 2022, I applied for the posted Senior Application Sales Executive 4 Converged position to remain employed with Respondents. I was qualified for the position.

[30]    On April 1, 2022, I was selected for the Senior Application Sales Executive 4 Converged position, which was a demotion for me.

[31]    In this current, demoted position, my commissions are substantially less than they were in my prior position, before I was notified of surplus status.

[32]    In this current, demoted position, I am assigned lower-level accounts than I was in my prior position, before I was notified of surplus status.

[33]    Instead of retaining me in my prior position, Respondents demoted me and replaced me with a less qualified, substantially younger employee.

[34]    Respondents offered no explanation, including the selection criteria, as to why I notified of surplus and demoted while younger employees were not.

[35]    I had the highest 2021 sales attainment out of the twenty-seven (27) employees on the Finance Vertical team.

[36]    At the time of my surplus notification, I was at over one hundred percent (100%) attainment for 2022.

[37]    I have had no disciplinary or performance issues throughout my employment with Respondents.

[38]    On May 5, 2022, in a written complaint submitted to Human Resources, and in a subsequent email to Selcuk and Aufiero, I complained of age discrimination. I stated: "I believe that I was placed on surplus status, notified of termination, and demoted because of my

age. I believe that if I were fifteen years younger, I would not have been removed from my position under Barbaros."

[39]    I received no response to my email to Selcuk and Aufiero.

[40]    On May 11, 2022, I provided requested documents to Aeri Kim, Lead Consultant, EEO, in connection with my age discrimination complaint.

[41]    On May 27, 2022, in a meeting with Kim, she falsely stated that I had asked to leave my prior position and be transferred to my current position. I asked why I would request to be demoted to a position in which I was compensated less and working at a lower level than I had been. I asked why my accounts were given to a younger employee, and whether I could have my position back. I received no response to my questions. I complained that I was discriminated against because of my age. Kim did not deny the same.

[42]    Respondents failed to provide me with any conclusion to any investigation into my age discrimination complaints.

[43]    Respondents failed to remedy or prevent the age discrimination to which I have been subjected.

[44]    Respondents have recently terminated and/or pushed out and/or demoted other older employees.

[45]    Respondents' conduct evidences a bias against older employees and a preference for younger employees.

[46]    Respondents' age discriminatory conduct has caused me emotional distress.

[47]    **I bring this Complaint as a class and pattern and practice Complaint on behalf of myself and any and all current or former employees of Respondent who are**

From: Nancy Glace

age forty (40) and over, and who have been discriminated against based on age (including intentional age discrimination and disparate impact on older workers) in connection with hiring, promotion, demotion, position selection, surplus status, training, leadership, development, and termination decisions.

   B.  Based on the aforementioned, I allege that Respondents have discriminated against me because of my age (60), in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

   4.    The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

   __X__    **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s): __(a)__**

   ____    Section 5.1 Subsection(s) _____

   ____    Section 5.2 Subsection(s) _____

   ____    Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

   5.    Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

   __X__    **This charge will be referred to the EEOC for the purpose of dual filing.**

   6.    The Complainant prays that Respondent be required to:

   (a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

(c) Remedy the discriminatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

7/1/2022
(Date Signed)

(Signature)    David Lewis
███████████
Bangor, PA 18013

# Exhibit "2"

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## <u>DETERMINATION AND NOTICE OF RIGHTS</u>

(This Notice replaces EEOC FORMS 161 & 161-A)

**To:**   David Lewis
█████████████
Bangor, PA 18013

**Re:**   David Lewis v. AT & T SERVICES
EEOC Charge Number:  17F-2022-61072

EEOC Representative and email:     State Local and Tribal Program Manager
PHLSTATEANDLOCAL@EEOC.GOV

## DETERMINATION OF CHARGE

The EEOC issues the following determination:  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue.  If you choose to file a lawsuit against the respondent(s) on this charge under federal law, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.**  Receipt generally occurs on the date that you (or your representative) received this document.  You should keep a record of the date you received this notice.  Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days.  (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By:  Karen McDonough  2/2/2024

Karen McDonough
Deputy District Director

cc:      For Respondent                                    For Charging Party

Kimberly Calantas                               Emily R. Derstine Friesen, Esq.
Lead Consultant – EEO                        Console Mattiacci Law
308 S. Akard Street, 17th Floor              1525 Locust Street, 9th Floor
Dallas, TX 75202                                 Philadelphia, PA 19102
kd4714@us.att.com                             derstinefriesen@consolelaw.com